UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                                                         CRIMINAL ACTION NO. 3:07CR-117-S

MICHAEL ALLEN FORD                                                                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Michael Allen Ford, for reconsideration of the court's August 18, 2009 ruling rejecting the findings of fact and recommendation of the United States magistrate judge that Ford's motion to suppress property seized from his person be granted (DN 318).

After review of the record and consideration of the arguments of the parties, the court held that "Unlike the evidence with respect to the search of Ford's vehicle which the magistrate judge characterized as a 'he said/he said' situation, the only evidence concerning the search of Michael Ford's person is the testimony of Sgt. Butler that Ford gave consent. Ford testified at the hearing, but was asked only if he consented to the search of the vehicle. Thus the evidence offered by the United States with respect to the consent to search Ford's person stands unrefuted."  8/20/09 Mem.Op. and Ord., p. 2.

Ford urges that Sgt. Butler failed to specifically testify that Mr. Ford consented to a search of his person. Ford urges that Butler stated that "they consented," without ever identifying who "they" were. The context surrounding the quote establishes that Butler clearly was referring to Ford when stating that "they" consented to a search of his person. Butler testified that Michael Ford was driving the Road Master vehicle (p. 103). There was a traffic stop of Ford and his vehicle (p. 103). Sgt. Butler identified the three occupants of the vehicle as Keith Ford, Michael Ford, and Frederick

Malone (p. 104). Butler then testified that he "talked to all three Defendants, obtained consent to search verbally from Michael Ford on the vehicle, and had them separated as to each if they had anything hidden on them. They consented to a search of their person, at which point we find the IDs belonging to a victim..." (p. 104). It is clear when the quote is read in context that Sgt. Butler obtained consent from the three vehicle occupants, Keith Ford, Michael Ford, and Frederick Malone, to a search of their person. That testimony is the only testimony elicited on the point, and thus it stands unrefuted.

Ford was asked whether he gave consent to the search of his vehicle. He responded "no." In a rather unusual procedure, Michael Ford has submitted an affidavit in which he states that when responding to the question about consent to search his vehicle he "meant to include his person as well." Ford Aff., Notice to Supplement Motion to Reconsider, DN 321. Ford has not moved for leave to file this document. Further, Ford has cited no authority to support the filing of such an affidavit in an attempt to belatedly controvert uncontroverted testimony.

Therefore, motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Michael Allen Ford, to reconsider findings (DN 318) is **DENIED.**

**IT IS SO ORDERED.**

December 17, 2009

**Charles R. Simpson III, Judge
United States District Court**